**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOANETTE REEVES

           Plaintiff,

v.

PRESSLER, FELT & WARSHAW, LLP

           Defendant.

Civil Action No.: 2:25-cv-15278

**OPINION AND ORDER**

**CECCHI, District Judge.**

This matter comes before the Court on defendant Pressler, Felt & Warshaw, LLP's ("Defendant") motion to dismiss, ECF No. 4, plaintiff Joanette Reeves' ("Plaintiff") complaint, ECF No. 1, pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant also moves for sanctions and attorney's fees. Plaintiff opposed the motions, ECF No. 15, and Defendant replied, ECF No. 17.[1] The Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion is granted in part and denied in part.

**WHEREAS** Plaintiff alleges that her past-due debt was assigned to Defendant's client, Midland Credit Management, Inc. ("MCM"), in a series of transactions. ECF No. 1 ("Compl.") ¶¶ 17–22. According to Plaintiff, however, this debt was void because one of the intermediary transactions involved an entity that was not properly licensed in New Jersey. *Id.* ¶ 18. After MCM purchased the debt, Defendant initiated a collection lawsuit in New Jersey state court on MCM's behalf. *Id.* ¶¶ 22–24. Plaintiff contends that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect the purportedly void debt. *Id.* ¶¶ 24–26, 31–33; and

---

[1] Defendant appears to have filed its reply brief in support of its motion on the docket twice. *See* ECF Nos. 16–17. The Court cites the later filed brief, ECF No. 17, in this Opinion and Order.

**WHEREAS** a court must grant a motion to dismiss under Rule 12(b)(1) if it determines that it lacks subject matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of Treasury*, No. 15-2695, 2016 WL 1559299, at \*2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)); and

**WHEREAS** Defendant moves to dismiss for lack of subject matter jurisdiction and argues that Plaintiff lacks Article III standing because she has not pled a concrete injury. ECF No. 4-1 at 4–5. The Court agrees. To establish constitutional standing, a plaintiff must show that (1) she suffered an injury in fact, (2) the injury is fairly traceable to the challenged conduct, and (3) the injury would likely be redressed by the requested judicial relief. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016). Here, Plaintiff's alleged injuries are that the filing of the collection lawsuit in state court "deprived Plaintiff of truthful, non-misleading, information in connection with Defendant's attempt to collect a debt" and caused "emotional damages like stress, anxiety and embarrassment." Compl. ¶¶ 32, 37. In other words, Plaintiff alleges informational and emotional injuries; and

**WHEREAS** the Honorable William J. Martini addressed substantially similar issues, allegations, and arguments in a case involving the same parties currently before the Court. *See Reeves v. Pressler, Felt & Warshaw, LLP*, No. 25-17071 (D.N.J. filed October 30, 2025). That case involved a different past-due debt of Plaintiff's. *See id.* at ECF No. 1. Judge Martini dismissed Plaintiff's claims for lack of standing. That opinion is instructive here. Judge Martini first noted that to "survive a motion to dismiss based on an informational injury, 'a plaintiff need

only allege that she [1] was denied information to which she was legally entitled, and [2] that the denial caused [3] some adverse consequences related to the purpose of the [FDCPA].'" *Reeves v. Pressler, Felt & Warshaw, LLP*, No. 25-17071, 2026 WL 594355, at *2 (D.N.J. Mar. 3, 2026) (quoting *Kelly v. RealPage Inc.*, 47 F.4th 202, 212 (3d Cir. 2022)). Judge Martini reasoned that Plaintiff's complaint "fail[ed] to specify what legally required information was allegedly withheld from Plaintiff." *Id.* The same is true here. Indeed, Plaintiff conclusively alleges that by filing a collection lawsuit, Defendant necessarily deprived her of information. Compl. ¶ 32. Yet, she does not specify what legally required information was withheld. That is insufficient for standing on an informational injury; and

**WHEREAS** Plaintiff similarly fails to provide sufficient factual allegations amounting to a concrete emotional injury. She conclusively states that Defendant's collection lawsuit caused "emotional damages like stress, anxiety and embarrassment." She does not, however, allege how these injuries manifested or how Defendant's conduct specifically caused the alleged emotional injuries. As such, Plaintiff lacks standing.[2] *See Reeves*, 2026 WL 594355, at *2; and

**WHEREAS** Defendant moves the Court to sanction Plaintiff's counsel and award attorney's fees and costs for defending this action under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and 15 U.S.C. § 1692k(a)(3). ECF No. 4-1 at 6–7. Defendant argues that sanctions and fees are warranted because it sent Plaintiff's counsel a letter outlining Third Circuit precedent that Defendant contends forecloses Plaintiff's legal theories. *Id.*; ECF No. 4-6. Yet, Plaintiff did

---

[2] In her opposition brief, Plaintiff argues that she alleged a monetary injury and therefore has standing. ECF No. 15 at 9; *In re Wilton Armetale, Inc.*, 968 F.3d 273, 281 (3d Cir. 2020) ("[M]onetary harm is a classic form of injury-in-fact."). She states that "Plaintiff was dragged into court and forced into retaining attorneys to defend the collection action." ECF No. 15 at 9. These allegations are not in the complaint. Accordingly, the Court will not address these allegations and issues no opinion on whether they would be sufficient to confer standing. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

3

not withdraw her complaint after receiving the letter. Defendant further argues that sanctions are justified because Plaintiff has maintained "two non-justiciable federal cases"—this case and the case before Judge Martini—which shows that Plaintiff's counsel acted in bad-faith and is using an "unreasonable litigation strategy." ECF No. 4-1 at 7. At this juncture, the Court refrains from issuing sanctions and awarding fees and costs but reserves its right to do so in the future. "However, the Court reminds counsel of the obligations of Rule 11 and the New Jersey Rules of Professional Conduct, including the need to avoid frivolous and duplicative litigation." *Reeves*, 2026 WL 594355, at *3.

Accordingly, **IT IS** on this 20th day of July 2026,

**ORDERED** that Defendant's motion to dismiss the complaint (ECF No. 4) is **GRANTED;** and it is further

**ORDERED** that Plaintiff's complaint is dismissed without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion. Insofar as Plaintiff submits a further amended complaint, she shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2); and it is further

**ORDERED** that Defendant's application for sanctions, costs, and fees is **DENIED** without prejudice.

**SO ORDERED**.

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**

4